Milligan, J.,
delivered tbe opinion of tbe court:
This action was originally brought jointly in tbe name of tbe claimant and ber husband, Bernard Boddin; but on tbe suggestion of tbe death of tbe husband, and motion of tbe claimant’s attorney, leave was given, on a-former day of tbe term, to prosecute tbe action in tbe name of tbe claimant alone.
Tbe claimant seeks to recover tbe net proceeds of five bales of upland cotton, which she alleges were reported to tbe United States military authorities soon after tbe capture of Charleston, South Carolina, and afterward seized by them, sold, and tbe proceeds paid into tbe Treasury.
It appears, in proof, that tbe claimant, Jane Boddin, was formerly married to one Knight, who died a number of years ago. During ber widowhood, and before ber marriage with ber second husband, she purchased four bales of cotton from one John Larkin, which be bad brought down tbe South Carolina Bailroad. Tbe cotton was weighed to ber, rolled into ber yard, and stored in ber bouse, on tbe corner of Line street and Bail-road avenue.
Tbe precise date at which this purchase was made does not appear, but it is clear it was a short time before tbe occupation of tbe city of Charleston by tbe Union forces in 1865.
It further appears that tbe claimant was married to ber last husband, Bernard Boddin, on tbe 17th of April, 1865. After this marriage tbe cotton stored as before shown was seized by tbe military forces of tbe United States, and registered on tbe 29th of April, under tbe name of “ Mrs. Boddin.”
Tbe number of bales seized does not appear, except as shown on tbe registration book, which only shows three bales under tbe name of tbe claimant.
Tbe record further discloses tbe fact- that administration was *310 granted to one W. A. Book on the estate of the claimant’s second husband, but he is not brought in and the suit revived in his name.
Mrs. Boddin proves she bore true allegiance to the government of the United States, and never gave aid or comfort to the rebellion.
In this attitude of the case it is plain there can be no recovery. By the common law, which we understand largely prevails in the State of South Carolina, the title to the cotton in question, on the marriage of the claimant, was, by virtue of the husband’s marital rights, vested in him, He died before the claim now sought to be enforced accrued against the United States. It is therefore no such chose in action as, by reason of its having never been reduced to the husband’s possession, would survive to the wife.
By the Act 12th, March 1863, the right to sue for the proceeds of captured and abandoned property is limited, in all cases in which the claim is not assigned, to the “owner” of such property at the date of its capture; and such owner has, by the terms of the statute, to prove that he has never given any aid or comfort to the rebellion.
The legal owner of the cotton in this case is dead, and although it appears he has a personal representative, there has been no application to bring him in and to revive the action in his name. On the contrary, the petition was amended on his death by striking his name out of the petition, and proceeding in his widow’s name alone.
In this attitude of the case, it is plain there can be no recovery by the present claimant without the intervention of the administrator; and as the former action of the claimant’s attorney was probably based on a mistaken notion of the facts, and no objection has been taken by the defendants’ attorney, we feel authorized in remanding the case to the general docket, to be further proceeded in as in the judgment of the counsel on both sides may be deemed necessary.